# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

AMAR GUEYE,
               Plaintiff

      vs                              Case No. C-1-05-035
                                                   (Spiegel, J)

KEITH GRACE,                               (Hogan, M.J.)
CINCINNATI PUBLIC SCHOOLS,
               Defendants

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 17) and Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 18).

## FACTUAL BACKGROUND[1]

Plaintiff brings this action *pro se* alleging employment discrimination in violation of Title VII, 42 U.S.C. 2000e, et. seq.  Plaintiff claims that Defendants illegally failed to hire him based upon his race, religion, and national origin. (Doc. 17, Ex. 1, at p. 1).

Plaintiff submitted a resume and cover letter dated January 27, 2004 to the Human Resources Department of Defendant Cincinnati Public Schools.  (Id.).  The resume and cover letter did not address a specific vacancy, but rather stated that

---

[1] Neither party submitted a summary of the facts underlying Plaintiff's claims. Defendants, however, adopt by reference the factual background as set forth in the Ohio Civil Rights Commission Decision.  (Doc. 17, Ex. 1).  As Plaintiff does not dispute these facts, the Court, too, will rely on the facts as stated in the OCRC decision.

Plaintiff was interested in the positions of Principal, Assistant Principal, and other Administrative positions. According to Defendants, this method of application does not conform with their application procedure, which requires applicants to submit applications in response to specific openings at a specified location. (Id.). Moreover, under Defendants' policy, application materials which fail to indicate a specific desired position are not forwarded to the Chief Human Resources Officer. (Id.).

Additionally, Plaintiff's application materials did not indicate whether he possessed licensure which is required by the Department of Education in order to qualify for the position of Principal or Assistant Principal. Plaintiff admits that he is not licensed. (Id.). Defendant states that no Principals or Assistant Principals have been hired within the past year without being licensed.

Plaintiff filed a complaint with the Ohio Civil Rights Commission ("OCRC") and on September 9, 2004, received its decision wherein OCRC found no probable cause to believe that Defendants engaged in unlawful discrimination under O.R.C. § 4112.02. (Doc. 17, Ex. 1). On October 18, 2004, Plaintiff received a Notice from the U.S. Equal Employment Opportunity Commission ("EEOC") wherein the EEOC adopted the findings of the OCRC. (Doc. 2, Complaint, EEOC Dismissal and Notice of Rights dated 10/18/04, attached). Thereafter, on January 20, 2005, Plaintiff filed his Complaint in the present action. (Doc. 2).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some

significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Summary Judgment Should Be Granted in Favor of Defendant Keith Grace

Keith Grace is the Assistant Chief Officer for Human Resources for Defendant Cincinnati Public Schools (CPS). As such, Mr. Grace is not considered an "employer" for purposes of Title VII. *Wathen v. General Electric Company*, 115 F.3d 400 (6th Cir. 1997). Moreover, Defendants point out that, under Ohio

law, only a board of education may employ administrators. O.R.C. § 3319.01, *et. seq*.

The Sixth Circuit addressed the issue of individual liability under Title VII in *Wathan v. General Electric Company,* 115 F.3d 400 (6th Cir. 1997), wherein the court examined the statutory scheme and remedial provisions of Title VII and concluded that Congress did not intend to provide for individual employee/supervisor liability under Title VII. *See Id*. at 405-06. The Sixth Circuit explained that it was inconceivable that Title VII, which limits liability to employers with fifteen or more employees, could simultaneously allow civil liability to run against individual employees. *See Id*. at 406. The Sixth Circuit further reasoned that Title VII's remedial provisions were incompatible with the imposition of liability on individual employees for violations of the Act. *See Id*. As the court noted, prior to 1991, a successful Title VII plaintiff was limited to reinstatement and back pay, remedies which are only available from the employer. When Congress enacted the Civil Rights Act of 1991, it added compensatory and punitive damages for intentional discrimination under Title VII, amounts which were calibrated to the size of the employer. *Id* at 406; *see also* 42 U.S.C. §1981a. The court reasoned that the absence of a provision for damages to be paid by individuals was further evidence of the lack of Congressional intent to hold individuals liable. *Id*. Thus, the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* at 405.

The Second, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits have similarly held that Title VII does not impose liability on individual employees. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir. 1995); *E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1282 (7th Cir. 1995); *Lenhardt v. Basic Institute of Tech. Inc.,* 55 F.3d 377, 381 (8th Cir. 1995); *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir.), *cert. denied*, (1995); *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir. 1994); *Miller v. Maxwell's Intern. Inc.,* 991 F.2d 583, 588 (9th Cir. 1993); *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993). For this reason, we conclude that the individual Defendant, Keith Grace, may not be held personally liable under Title VII. Accordingly, summary judgment is appropriate with respect to Plaintiff's claims against Keith Grace.

**Summary Judgment Should Be Granted in Favor of CPS**

4

In passing Title VII, Congress determined that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. *Price Waterhouse v. Hopkins*, 57 U.S.L.W. 4469, 4472 (1989). "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982). The fact that a work force may be racially balanced cannot immunize an employer from liability for specific acts of discrimination. *Id.*; *Furnco Constr. v. Waters*, 438 U.S. 567, 579 (1978). The obligation imposed by Title VII is to provide an equal employment opportunity for each person regardless of race and without regard to whether members of that person's race are already proportionately represented in the work force. *Teal*, 457 U.S. at 454-55; *Griggs v. Duke Power Co.*, 401 U.S. 424, 430 (1971).

Plaintiff's claims are those of disparate treatment. In such a case, plaintiff has the burden of proving unlawful discrimination because of race. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

Plaintiff may establish a prima facie case by showing that: (1) he belongs to a racial minority; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Because the facts vary in Title VII cases, the aforesaid test is by no means the only way to prove a prima facie case of race discrimination. *Id*. at n.13. Plaintiff may also establish a prima facie case by introducing evidence that defendant treated him less favorably than similarly situated white employees. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

5

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)).  Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).  This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Under O.R.C. § 3319.22, only an individual who possesses a valid administrator license may be employed by a board of education as an administrator.  O.R.C. § 3319.22(A)(1), provides in pertinent part that:

> The state board of education shall adopt rules establishing the standards and requirements for obtaining temporary, associate, provisional and professional educator licenses of any categories, types and levels the board elects to provide.

The Ohio Board of Education has adopted O.A.C. § 3301-24-05, which provides that:

> The professional administrator license shall be issued to an individual who holds a masters' degree, who is deemed to be of good moral character, who has been recommended by the dean or head of teacher education at an institution approved to prepare teachers, who has successfully completed an examination prescribed by the state board of education, and who has evidenced the requirements specified below.  Administrator licenses shall be issued in the following areas:
>
> (1) the principal license shall be added to a valid professional teacher license after successful completion of the entry year program for principals and shall be valid for working with:
>
> . . . .
>
> (2) the administrative specialist license shall be added to a valid professional teachers license or professional pupil services license and shall be valid for working in a central or supervisory capacity.   The

6

following requirements shall be met prior to issuance of the administrative specialist license:

. . . .

(3) the superintendent license shall be added to a valid professional teacher license of an individual who holds a principal or administrative specialist license and shall be valid for teaching in the areas designated on the license; for supervising programs for ages three through twenty-one and pre-kindergarten through grade twelve; or for administrative duties in a school system . . . .

O.A.C. § 3301-24-05(F)(3).

In the present case, Plaintiff can establish only the first element. It is undisputed that Plaintiff is a member of a racial minority. However, Defendants have offered evidence that indicates that Plaintiff possesses none of the licenses discussed above. Plaintiff, in response to Defendants' motion, has come forth with no evidence refuting such. Therefore, Plaintiff has failed to establish that he is qualified for any of the positions sought. Moreover, Plaintiff's application materials were not submitted in reference to a specific job opening. Thus, Plaintiff has failed to establish that Defendants were seeking applications for the positions of "Principal, Assistant Principal or other administrative positions" or that those positions remained open and that Defendants continued to seek applicants from persons of Plaintiff's qualifications. As such, Plaintiff has failed to establish a prima facie case of discrimination under Title VII.

For the reasons stated above, we conclude that summary judgment in Defendants' favor is appropriate and therefore recommend that Plaintiff's Complaint be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1)   Defendants' Motion for Summary Judgment (Doc. 17) be GRANTED and this case be TERMINATED on the Court's Docket.

2)   The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of its Order dismissing the action is not taken in good faith and that

Plaintiff be denied leave to appeal *in forma pauperis*. Plaintiff would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date: __3/13/2006_____        __s/Timothy S. Hogan_____
                                Timothy S. Hogan
                                United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The  Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3/13/2006 .  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\SUMJUDG\Gueye.msj.wpd

1:05cv35 Doc.19

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

1. Article Addressed to:

Amar Gueye
799 E. McMillan #104
Cinti, OH 45206

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 2510 0008 6348 2375

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540