```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

AMAR GUEYE,                     :    NO. 1:05-CV-00035
                                :
       Plaintiff,               :
                                :    **ORDER**
  v.                            :
                                :
CINCINNATI PUBLIC SCHOOLS,      :
       et al.,                  :
                                :
       Defendants.              :
                                :
                                :

This matter is before the Court on the Magistrate Judge's March 13, 2006, Report and Recommendation (doc. 19), Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. 20), and Defendant's Memorandum in Opposition to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. 22). For the reasons indicated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 19) and GRANTS Defendants Grace and Cincinnati Public Schools' Motion for Summary Judgment (doc. 17).

**I.   Background**

      Plaintiff Amar Gueye, a Muslim from Senegal, West Africa, alleges that he applied for positions of principal, assistant principal, and other professional administrative positions with the Cincinnati Public Schools ("CPS"), which did not hire him (doc. 18). Plaintiff alleges CPS's action in denying him a job constitute employment, racial, religious and ethnic origin

discrimination in violation of Title VII, 42 U.S.C. §2000e, et seq (doc. 2).

On July 1, 2005, Defendant filed its Motion for Summary Judgment, arguing that Defendant Keith Grace, the Assistant Chief Officer for Human Resources for CPS is not an "employer" under Title VII, and that Plaintiff is not legally eligible to be hired as a public school administrator (doc. 17). Defendant attached the affidavit of Jennifer Kangas, Assistant Director of the Office of Certification and Licensure of the Ohio Department of Education, indicating that Plaintiff lacks the requisite teacher or administrator licenses issued by the Ohio Department of Education (Id.). Plaintiff filed his reply, contesting that Defendants' proferred reason for not hiring him, his lack of certification, is merely a pretext for unlawful discrimination (doc. 18).

On March 13, 2006, the Magistrate Judge issued his Report and Recommendation, finding that summary judgment should be granted in favor of Defendants (doc. 19). Specifically, the Magistrate Judge found that Mr. Grace is not considered an employer for purposes of Title VII (Id. citing Wathen v. General Electric Co., 115 F.3d 400 (6th Cir. 1997)), and that Plaintiff's lack of licenses required by the Ohio Administrative Code preclude him from establishing that he is qualified for the positions for which he applied (Id.).

Plaintiff filed his objection to the Magistrate Judge's

Report and Recommendation on March 13, 2006 (doc. 19), and Defendants filed their Response in Support of the Magistrate Judge's Report and Recommendation (doc. 22). This matter is therefore ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation**

Noting that the Sixth Circuit held in <u>Wathen v. General Electric Company</u>, 115 F. 3d 400 (6th Cir. 1997), that individuals cannot be held personally liable for employment discrimination under Title VII, the Magistrate Judge found that Defendant Keith Grace does not independently qualify as an "employer," and therefore the claims against him should be dismissed (doc. 19). The Magistrate Judge considered the Sixth Circuit's thorough examination of Title VII in <u>Wathen</u> and its conclusion that Congress did not intend to impose personal liability (<u>Id</u>.). The Magistrate Judge further noted that the Second, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits have similarly held that individual employees are not subject to liability for employment discrimination under Title VII (<u>Id</u>.).

As for Plaintiff's claims against CPS, the Magistrate Judge reviewed the <u>McDonnell Douglas</u> elements of a <u>prima facie</u> case for discrimination, under which a plaintiff may establish his claim by showing that: (1) he belongs to a racial minority; (2) he applied and was qualified for a job which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4)

3

after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications (doc. 19, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The Magistrate Judge found that Plaintiff failed to establish his prima facie case because he had not shown that he was qualified for the positions he sought, as he lacked the requisite licences (Id.). Under Ohio Revised Code § 3319.22, only an individual who possesses a valid administrator's license may be employed by a board of education as an administrator (Id.). For this reason, the Magistrate Judge found it appropriate to grant summary judgment as to Plaintiff's claims against CPS (Id.).

**III. Plaintiff's Objections to the Magistrate Judge's Report**

Plaintiff Gueye filed his Objection to the Magistrate Judge's Report and Recommendation on April 10, 2006 (doc. 20). As Defendants noted in their Memorandum in Opposition to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, Plaintiff failed to respond to the Magistrate Judge's Report and Recommendation within the ten day period required by Rule 72(b) of the Federal Rules of Civil Procedure (doc. 22). Accordingly, Plaintiff's objections cannot be considered by this Court (doc. 22 citing United States v. Walters, 638 F.2d 947 (6th Cir. 1981)).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-

4

reasoned, and correct. Even if this Court were to consider Plaintiff's Objection to the Magistrate Judge's Report and Recommendation, however, the Court finds no basis in the Objection to reject the Magistrate Judge's Report and Recommendation. Plaintiff concedes that Keith Grace may not be held liable as an individual under Title VII, but argues that such principle should be "rescind[ed]". Plaintiff further argues that CPS has hired other individuals who lacked Ohio licenses, but fails to proffer evidence showing this is the case. Under Rule 56, Plaintiff "may not rest upon the mere allegations or denials of the adverse party's pleading," but "by affidavits or otherwise. . .must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff's objection merely reiterates unsupported allegations he previously raised in opposition to Defendants' motion for summary judgment, and adds that in his view the Magistrate Judge's Report was "misleading and somewhat malicious" (Id.). Plaintiff also suggested that the Magistrate Judge's Report violated his due process rights, and contended that this case "was supposed to be a class action" (Id.). A review of the court's docket shows Plaintiff never filed a motion for class certification in accordance with Fed. R. Civ. P. 23.

       The Court finds Plaintiff's Objection meritless, concludes there is no genuine issue of material fact, and further concludes that Defendants are entitled to judgment as a matter of

5

law.

**V.    Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-founded, and correct (doc. 19). Accordingly, the Court hereby ADOPTS the Magistrate Judge's recommended decision (Id.), and GRANTS Defendants' Motion for Summary Judgment as to the claims against both Defendant Grace and Defendant CPS (doc. 17), and TERMINATES this case from the Court's docket.  The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore Plaintiff should be denied leave to appeal in forma pauperis.  Plaintiff would be free to apply to proceed in forma pauperis in the Court of Appeals.  Coppenedge v. United States, 369 U.S. 438, 445 (1962).


SO ORDERED.


Date: May 24, 2006            s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

6